IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALE A. GORECKI,

    Plaintiff,

v.

CITY OF CAMBRIDGE,
et al.,

    Defendants.

Case No. C2-07-420
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter came before the Court on October 8, 2009 for a Final Pretrial Conference. During the conference, the Court considered and ruled on several pretrial motions. For the reasons set forth on the record during the Final Pretrial Conference and as set forth below, the Court finds as follows with respect to the issues raised in the motions:

1. **Defendants' Motion *in Limine* as to Claimed Damages**

Plaintiff indicated that he intended to testify as a lay person regarding the injuries he allegedly sustained on the night of his arrest. He does not intend to offer medical bills, or testimony regarding future damages. With this clarification, Defendants indicated that they had no objection to Plaintiff's testimony in this regard without support of an expert witnesses to speak on causation. Defendants indicated that they intended to call Dr. Fete, who attended to Plaintiff at the emergency room after his arrest. Dr. Fete, however, will not provide expert, opinion testimony. This Motion is, therefore, **DENIED AS MOOT**.

2. **Defendants' Motion *in Limine* as to Citizen Complaints of Excessive Force**

The parties agreed that this Motion is **MOOT** in light of the Court's ruling on Defendants' Motion for Summary Judgment, which limited the issues in this case to Plaintiff's allegations of excessive force.

3. **Plaintiff's Motion *in Limine* Regarding Misdemeanor Charges or Conviction**

The Court finds that the evidence regarding Plaintiff's prior misdemeanor charges and convictions, including matters incident to his arrest, no longer relate to the triable issues in this case. This Motion is, therefore, **GRANTED**. Defendants may approach the Court regarding introduction of this evidence as rebuttal or if otherwise appropriate in the context of the testimony at trial.

4. **Plaintiff's Motion to Take Judicial Notice of 18 U.S.C. § 926C**

The Court indicated its unwillingness to take judicial notice of the statute, particularly its application to the facts of this case, but suggested that Plaintiff may request a jury instruction regarding Plaintiff's entitlement to carry a concealed weapon as a retired police officer. Plaintiff indicated that he was as of yet undecided whether this evidence is relevant or whether he would request such an instruction.

5. **Plaintiff's Motion *in Limine* to Preclude Any Reference to Charges in the Court of Common Pleas**

Defendants concede that they incorrectly indicated that charges were filed in the Guernsey County "Court of Common Pleas," but that the correct court is the Guernsey County Municipal Court. Plaintiff's Motion is, therefore, **DENIED AS MOOT**.

## 6. Plaintiff's Alternate Motion *in Limine* to Preclude Any Reference that Plaintiff Plead[ed] to a Charge of Aggravated Menacing

The Court finds that the evidence regarding Plaintiff's prior charges and convictions, including matters incident to his arrest, no longer relate to the triable issues in this case. This Motion is, therefore, **GRANTED**. Defendants may approach the Court regarding introduction of this evidence as rebuttal or if otherwise appropriate in the context of the testimony at trial.

## 7. Motion for Reconsideration of the Court's Order on Motion for Summary Judgment

Plaintiff also moves the Court to reconsider its decision on summary judgment related to Defendant, City of Cambridge. In particular, Plaintiff requests that the Court reconsider the portion of its Order related to whether the Defendant City created a policy by ratification through its investigation of the force used during his arrest. For the following reasons, the Motion is **DENIED**.

Plaintiff correctly asserts that a municipality may be held liable under § 1983 where the responsible law enforcement official has "ratified" unconstitutional conduct by failing to meaningfully investigate complaints of constitutional violations. For instance, in *Marchese v. Lucas*, 758 F.2d 181, 188-89 (6th Cir. 1985), a prisoner was twice beaten while in the presence and custody of the police. A district court judge ordered the sheriff's department to investigate the cause of the inmate's injuries. The sheriff failed to undertake any investigation. The court concluded that this failure "served to confirm the existence of an unstated 'policy' of toleration of illegal brutality toward any county prisoner who had threatened the life of a sheriff's deputy." *Id.* at 184. Similarly, in *Leach v. Shelby County Sheriff*, 891 F.2d 1241 (6th Cir. 1989), the court found that a sheriff's failure to investigate an incident of abuse demonstrated a policy or custom

of deliberate indifference to the needs of paraplegic inmates. The court also found support for its conclusion in that at least fourteen other paraplegics had received similar abusive treatment. In *Leach*, the court found that "the need for more adequate supervision was so obvious and the likelihood that the inadequacy would result in the violation of constitutional rights was so great that the County as an entity can be held liable here. . . ." *Id.* at 1248.

A municipality's failure to investigate claims of wrongful conduct, however, does not constitute a *per se* conclusion that the municipality has a policy of tolerating violations of citizens' rights. The guiding principle with respect to all municipal liability still derives from *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978), in which the Supreme Court explained that "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Thus, to be liable under a ratification theory, the municipality's failure to investigate must be indicative of an official policy. As one court has observed:

> *Marchese*, read in light of *Monell* and its progeny, makes a post-injury failure to investigate a fact which may permit an inference that the misconduct which injured the plaintiff was pursuant to an official policy or custom. Any other reading would permit *respondeat superior* liability for the failure to undertake an investigation and would thus by-pass the stringent proximate cause requirements discussed in [ *City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) and *City of Springfield v. Kibbe*, 480 U.S. 257, 107 S.Ct. 1114, 94 L.Ed.2d 293 (1987).]

*Tompkins v. Frost*, 655 F.Supp. 468 (E.D.Mich.1987) (emphasis added). Furthermore, inferring a municipal-wide policy based solely on one instance of potential misconduct runs dangerously close to "the collapsing of the municipal liability standard into a simple *respondeat superior*

-4-

standard." *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005) (concluding that plaintiffs "must show not only that the investigation was inadequate, but that the flaws in th[e] particular investigation were representative of (1) a clear and persistent pattern of illegal activity, (2) which the Department knew or should have known about, (3) yet remained deliberately indifferent about, and (4) that the Department's custom was the cause [of the claimed injury]"); *Brown v. Shaner*, 172 F.3d 927, 931 (6th Cir.1999) (finding that summary judgment for the municipality was proper where plaintiffs produced no evidence indicating that the city had in the past failed to investigate and discipline the use of excessive force by its police personnel where such discipline was justified).

In this case, then, Plaintiff may establish his municipal liability claim by showing (1) a final municipal policymaker approved an investigation into his claim and (2) the investigation so inadequate as to constitute a ratification of their alleged use of excessive force. *See Wright v. City of Canton*, 138 F.Supp.2d 955, 966 (6th Cir. 2001). Plaintiff offers insufficient evidence to make this showing.

Unlike in *Marchese, Leach*, and *Wright*, in this case, Plaintiff has adduced no evidence to support a conclusion that the City of Cambridge failed to conduct a meaningful investigation in his case, let alone that the municipality had a policy or custom of failing to investigate use of force against its citizens. Plaintiff contends that the Chief did not review a complete report and failed to personally conduct a follow-up investigation of the use of force the officers administered to effectuate Plaintiff's arrest. Yet, the evidence of record demonstrates the Sergeant Hall, the supervisor who conducted the use of force evaluation, interviewed each officer involved in Plaintiff's arrest individually. (Hall Dep., at 24, 25 & 28.) Sergeant Hall spoke to Plaintiff at the

jail regarding the incident. (Hall Dep., at 36, 57.) Sergeant Hall interviewed witnesses at the scene of the arrest, inquired about what they observed, and completed the narrative of the investigation. Chief Wayt personally reviewed the use of force narrative, which prompted no questions in his mind that would cause him to investigate further. (Wayt Dep., 26-27, 42.) Moreover, Chief Wayt testified that he is the final decision-maker and views the Department's use of force form as "very important." The Chief testified that he customarily reviews use of force evaluations promptly, and would have questioned the officers personally had he had any concerns. (Wayt Dep., at 42, 49.)

Plaintiff has failed to adduce sufficient evidence to create an issue of material fact. The Court acknowledges that a municipality's failure to investigate an officer's use of force may create an inference that the alleged misconduct was pursuant to an official policy or custom, but no such inference is warranted in this case. Sergeant Hall investigated the incident and completed a use of force report. Ultimately, Chief Wayt concluded that the use of force was appropriate under the circumstances. The Court concludes that the facts of this case cannot support a finding that the City of Cambridge ratified its employees' unconstitutional acts by failing to meaningfully investigate those acts. The Court, therefore, **DENIES** Plaintiff's Motion for Consideration and confirms its Order granting summary judgment on Plaintiff's § 1983 claims in favor of the City of Cambridge and the officers in their official capacities.

**IT IS SO ORDERED.**

10-8-2009
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE